Whaley, Judge,
delivered the opinion of the Court:
This suit is brought by the plaintiff to recover increased longevity pay by reason of certain services performed in the Life Saving Service and the Coast Guard prior to his appointment as a warrant officer in the Coast Guard.
Anterior to the act of 1915 the Life Saving Service was a civilian service under the Treasury Department, having-no commissioned officers, with no provision for retirement, and disobedience of orders could not subject the infractor to courtmartial. It was nonmilitary in all its features, and its main purpose was to save life and propertjr from destruction along the coasts and Great Lakes. The only punishment for infractions of its rules ivas dismissal from the service. It not only entailed the hazardous work of rescue during storms but nightly patrol of the shore in vigilant watchfulness during all sorts of weather. The period of greatest vigilance was the time of bad weather. Time was a great element in the equation of success or failure in its work. Each man had his place and particular duty to perform collectively and individually. Located at certain strategic outposts were telephone boxes from which quick communication could be had with the main station bjr the beach patrolman. The telephone service was a necessary and important part of each station without which delay would result which would carry in its wake loss of life and property. The maintenance of the telephone service was. essential to the proper and efficient function of each station. These telephone lines were subjected to greatest stress, during stormy weather and blizzards, and it ivas during-these periods when the work of the telephone lineman was most imperative and necessary. The line of communication had to be maintained at all times. Minutes measure the- *278 space between safety and destruction. The services of a telephone lineman entailed risk of life and limb just as much as do the services of the sailors who “ go down to the deep ” in surfboats during rescue work. The service was lighly creditable.
The plaintiff was employed as a telephone lineman in the '.Life Saving Service on September 28, 1905, and continuously and faithfully performed the duties of his position. On January 28, 1915 (38 Stat. 800), the Life Saving Service and the Revenue Cutter Service were combined into what is now the Coast Guard.
The act provided—
“ That there shall be established in lieu of the existing Revenue Cutter Service and the Life Saving Service, to be composed of those two existing organizations, with the existing offices and positions and the incumbent officers and men of those two services, the Coast Guard, which shall constitute a part of the military forces of the United States and which shall operate under the Treasury Department in time of peace and operate as a part of the Navy, subject to the orders of the Secretary of the Navy, in time of war or when the President shall so direct.
*****
(Italics ours.)
The act further provided in section 8:
“ * * * Provided further, That in computing length of ■service for any purpose all creditable service in the Army, Navy, Marine Corps, Revenue Cutter Service, and Life Saving Service shall be included, counting part of a year as a whole year where stations were operated only part of :a year * * (Italics ours.)
After the organization of the Coast Guard, the plaintiff continued as a lineman until he was appointed a warrant ■officer on January 15, 1924. The plaintiff’s service in the Life Saving Service, totalled 9 years 4 months and 5 days .and his service in the Coast Guard 8 years 11 months and 18 days, or a combined continuous service of 18 years 3 months .•and 23 days.
The Secretary of the Treasury has certified, and we have ¡so found as a fact, that the plaintiff’s service was creditable.
The plaintiff claims (1) increased longevity pay from the <time he was appointed a warrant officer, based upon the *279 total of civilian service performed in both the Life Saving-Service and the Coast Guard prior to becoming a warrant officer; or (2) increased longevity pay based upon civilian service performed in the Life Saving Service, both computed from May 1, 1924, the period before that date not being within the statute of limitations. The petition of the plaintiff was filed on May 21, 1930. Eecovery can only be had for the six years prior to the date of the filing of the petition. The period previous thereto is subject to the statute of limitations.
When the plaintiff was appointed a warrant officer in the Coast Guard his pay was fixed by the act of June 10, 1922 (42 Stat. 025, 630), section 10 of which act provided:
“That on and after July 1, 1922, the monthly base pay of warrant officers of the Navy and Coast Guard shall be as follows: During the first six years of service — at sea, $153; on shore, $135; during the second six years of service — at sea, $168; on shore, $147; after twelve years’ service— at sea, $189; on shore, $168. * * * ”
The distinction between sea and shore pay was abolished by the act of Feb. 16, 1929, 45 Stat. 1186, 1187, which provided:
“Sec. 3. * * * That hereafter the monthly base pay of warrant officers of the Navy and Coast Guard shall be as follows: During the first six years of service, $153; during the second six years of service, $168; after twelve years’ service, $ls:) '
The act of May 18, 1920, 41 Stat. 601, 604, provides in' section 11:
“ Sec. 11. * * * Provided, That hereafter longevity pay for officers in the Army, Navy, Marino Corps, Coast Guard, Public Health Service, and Coast and Geodetic Survey shall be based on the total of all service in any or all of said services.” (Italics ours.)
When it is established that the service of the plaintiff in the Life Saving Service was creditable, the act of 1915 required that that service be computed “for any purpose,” and the act of 1920 required that longevity pay shall be based on the total service “in any or all of said services,” *280 it is then inescapable that plaintiff is entitled to compute his services in both the Life Saving Service and the Coast Guard before his appointment as a warrant officer, on which to base his longevity pay. These acts are broad and sweeping in their inclusiveness, and restrictive features are totally lacking. All services for any purpose in any and all services named cannot be more general in character, and cover, and were intended by Congress to cover, every conceivable form of service in these services. The language of the act is plain and can only be applied in the light of common sense and plain understanding. Had Congress intended to restrict them to certain employment in any services the acts would have contained some words of limitation. We must read them as we find them and not hunt for hidden and secret restrictions and narrow definitions of particular words and sentences. Longevity pay is the reward for long and continuous service which has merited recognition by the Government. United States v. Noce, 268 U.S. 613; Woods v. United States, 62 C.Cls. 610; Cartwright v. United States, 74 C.Cls. 186.
We have concluded that the plaintiff is entitled to have his services in the Life Saving Service and the Coast Guard included for longevity-pay purposes in computing his pay and have directed judgment for the plaintiff in the amount of $3,074.84. It is so ordered.
Williams, Judge; LittletoN, Judge; and GeeeN, Judge, concur.
Booti-i, Chief Justice, took no part in the decision of this case on account of illness.